

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00633-CV

Steven **VERDUGO**,
Appellant

v.

Franchesca **SALINAS**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI15757
Honorable David A. Canales, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: June 21, 2023

JUDGMENT VACATED; CASE DISMISSED

At the parties' request, we abated this appeal to give them time to settle their dispute. Now, the parties have filed a joint motion to vacate the trial court's judgment without reference to the merits, dismiss this appeal, and tax costs against the party that incurred them.

We reinstate this appeal.

In their motion, citing Rule 42.1(a)(2)(A), the parties ask this court to "render judgment effectuating the parties' agreement." *See* TEX. R. APP. P. 42.1(a)(2)(A). Citing Rule 43.2(e), they also ask this court to "render judgment vacating the trial court's judgment without reference to the

merits." *See* Tex. R. App. P. 43.2(e) (authorizing a court of appeals to "vacate the trial court's judgment and dismiss the case"); *cf. id.* R. 42.1(a)(2)(B) (authorizing a court of appeals to "set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement"). The parties also ask this court to dismiss this appeal.

We may not dismiss this appeal *and* render judgment. *See In re Guardianship of Panza*, No. 04-04-00378-CV, 2004 WL 2290245, at *1 (Tex. App.—San Antonio Oct. 13, 2004, no pet.) (mem. op.) (per curiam). Nevertheless, given the parties' request to render judgment and their selected citations, we construe the parties' joint motion as a request to render judgment and dismiss the case. *See* Tex. R. App. P. 42.1(a)(2)(A), 43.2(e); *In re Guardianship of Panza*, 2004 WL 2290245, at *1.

As we construe it, the parties' joint motion is granted. We render judgment to effectuate the parties' agreement: We vacate the trial court's March 30, 2022 final judgment, we dismiss the case, and we tax costs against the party that incurred them. *See* Tex. R. App. P. 42.1(a)(2)(A), 43.2(e), 43.4; *In re Guardianship of Panza*, 2004 WL 2290245, at *1.

PER CURIAM